STATE OF NORTH CAROLINA v. RAYMOND A. JONES

No. 7026SC500

(Filed 18 November 1970)

**Constitutional Law § 31; Escape § 1— right to subpoena witnesses — stipulation by solicitor as to what witness would have testified**

In this prosecution for escape from prison, defendant's contention that the trial court erred in proceeding to trial without allowing defendant to subpoena witnesses after defendant, while being questioned by the court as to the voluntariness of his plea of guilty, stated that he desired a certain witness to testify, *held* without merit where the solicitor stipulated what the witness would have testified if present at the trial, and defendant agreed that the stipulation was satisfactory and stated that he did not still want the witness present.

APPEAL by defendant, Raymond A. Jones, from *Anglin, J.,* 9 April 1970 Session, MECKLENBURG Superior Court.

The defendant Raymond A. Jones was charged in a bill of indictment, proper in form, with felonious escape in violation of G.S. 148-45(a).

The defendant, an indigent, represented by his court-appointed attorney, entered a plea of guilty. From a judgment of imprisonment of eight months, the defendant appealed to the North Carolina Court of Appeals.

*Attorney General Robert Morgan and Assistant Attorney General Millard R. Rich, Jr., for the State.*

*Richard A. Vinroot for defendant appellant.*

HEDRICK, Judge.

The defendant contends that the court committed prejudicial error in proceeding to trial without allowing the defendant to subpoena witnesses. This contention is without merit. The record discloses that when the defendant was being questioned by the judge as to the voluntary character of his plea of guilty, the defendant stated that he would like to have as a witness one Major Hugh A. Logan, Jr., for this witness could and would explain to the court that he, the Major, had told a Lt. Jordan to transfer the defendant, a prisoner, over to the Highway Patrol Office to a job that he was physically able to do. The solicitor stipulated that if the witness was present he would so testify. The court asked the defendant if the stipulation was satisfactory

and if he still wanted the witness present. The defendant stated: "No, sir, that is fine." The record further discloses that the defendant entered a written plea of guilty, and that the trial judge signed an adjudication that the defendant's plea was " . . . freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency."

We have carefully examined the entire record and determine that the defendant pleaded guilty to a valid bill of indictment; that the sentence imposed is within the maximum prescribed for a violation of the statute, and that the defendant had a fair trial in the superior court free from prejudicial error.

No error.

Chief Judge MALLARD and Judge PARKER concur.